UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND EUSEBIO,<br>Plaintiff,<br>v.<br>TESLA, INC., et al.,<br>Defendants. | Case No. 24-cv-06180-RFL<br><br>**ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD**<br><br>Re: Dkt. No. 32 |

On January 2, 2026, an arbitration award was issued in favor of Defendants, and Plaintiff's claim was dismissed with prejudice for failure to prosecute. (Dkt. No. 33-2.) Now, Tesla moves to confirm the arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. (Dkt. No. 32.) The unopposed motion is **GRANTED**.

The FAA allows any party to apply to a court within one year of the arbitration award to confirm, vacate, modify, or correct the award. 9 U.S.C. § 9. Under the FAA, "judicial review of an arbitration award is both limited and highly deferential." *Sayta v. Martin*, No. 16-cv-03775-LB, 2017 WL 491161, at *5 (N.D. Cal. Feb. 7, 2017) (quoting *Sheet Metal Workers' Int'l Ass'n Local 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996)). A court must grant a party's motion to confirm an arbitration award where "(a) the parties have agreed that a specified court may enter judgment upon the award; (b) any party to the arbitration applies to the specified court for confirmation of the award within a year of its issuance; (c) and the court does not vacate, modify, or correct the award under Section 10 or 11 of the FAA." *Pacific W. Secs., Inc. v. George*, No. 13-cv-04260-JSC, 2014 WL 894843, at *2 (N.D. Cal. Mar. 4, 2014) (citing 9 U.S.C. § 9).

Having reviewed the motion, its exhibits, and the docket in this action, the requirements

of FAA Section 9 are met. Thus, because the award is not being modified or vacated under Section 10 or 11 of the FAA, the Court is required to confirm the arbitration award.

Accordingly, Defendants' motion to confirm the arbitration award is **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 28, 2026

RITA F. LIN
United States District Judge